**Nahar SINGH, Petitioner,**

v.

**UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 02–8406.**

United States Court of Appeals, Second Circuit.

May 16, 2005.

Nahar Singh, Jamaica, New York, for Petitioner, pro se.

Dave Sanders, Assistant United States Attorney for the Northern District of Mississippi, for David N. Kelley, United States Attorney for the Southern District of New York, New York, New York, for Respondent.

PRESENT: RAGGI, WESLEY, and CUDAHY,[1] Circuit Judges.

## SUMMARY ORDER

Nahar Singh, an Indian national, petitions *pro se* for review of the BIA's December 4, 2002 denial of his motion to reopen his removal proceedings. In those proceedings, Singh had sought asylum and withholding of removal on the ground that he had been, and if returned to India would be, subjected to religious and political persecution. An Immigration Judge ("IJ") had denied Singh's requested relief from removal in an oral decision dated March 18, 1999. The BIA then summarily affirmed the IJ's decision by order dated July 18, 2002. Singh did not petition this court for review of that final agency action within the 30 days specified in 8 U.S.C. § 1252(b)(1). Instead, he moved the BIA to reopen his removal proceedings, petitioning this court for review only after the BIA denied that motion. Thus, although the parties' briefs focus on the IJ's denial of asylum and withholding, we have jurisdiction to review only the BIA's denial of the motion to reopen because Singh's petition for review is timely only with respect to that ruling. *See Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 89 (2d Cir.2001); *see also Stone v. INS*, 514 U.S. 386, 394–95, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995). We assume the parties' familiarity with the facts and the record of proceedings, which we reference only as necessary to explain

1. The Honorable Richard D. Cudahy, of the United States Court of Appeals for the Seventh Circuit, sitting by designation.

our decision to deny the petition for review.

A motion to reopen asks immigration authorities to consider new evidence and to render a new decision, usually after a further evidentiary hearing. *See Zhao v. U.S. Dep't of Justice,* 265 F.3d at 90 (citing *In re Cerna,* 20 I. & N. Dec. 399, 403 (B.I.A. Oct. 7, 1991)). Such motions are governed by 8 C.F.R. § 1003.2(c), which, in relevant part, provides that the motion "shall state the new facts that will be proven ... and shall be supported by affidavits or other evidentiary material." 8 C.F.R. § 3.2(c)(1) (recodified at 8 C.F.R. § 1003.2(c)(1) and referred to herein as such). Reopening "shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not be discovered or presented at the former hearing...." *Id.*

When the BIA applies the correct law to a motion to reopen, we review its decision deferentially for abuse of discretion. *Zhao v. U.S. Dep't of Justice,* 265 F.3d at 93. The BIA abuses its discretion when its decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Id.* (citations omitted). That is not this case.

 The BIA denied Singh's motion to reopen both because petitioner failed to make a prima facie showing that he would be eligible for the relief sought upon reopening and because the new evidence that Singh presented to the BIA—news reports concerning events in India in 2001 and 2002—was "general in nature and [did] not pertain specifically to" Singh. The failure to establish a *prima facie* case and the failure to introduce previously unavailable, material evidence have been recognized by the Supreme Court as independent grounds supporting denial of a motion to reopen. *See INS v. Abudu,* 485 U.S. 94, 104–07, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988);[2] *see also INS v. Doherty,* 502 U.S. 314, 322–23, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992). Having reviewed the petitioner's affidavit and the news reports submitted to the BIA in support of the motion to reopen, we conclude that the BIA did not abuse its discretion in concluding that Singh failed to satisfy the requirements of 8 C.F.R. § 1003.2(c). First, Singh does not assert that similar news reports were not available at the time his asylum and withholding claims were being considered by the IJ. Further, the reports were too general to be material to Singh's relief claims. Finally, although the IJ cited Singh's failure to put in any evidence of adverse country conditions at his removal proceeding, the addition of these news reports to the record evidence would not establish Singh's *prima facie* entitlement to either asylum or withholding of removal because the general reports do not call into question the IJ's conclusion, supported by detailed findings, that Singh's claims of persecution were not credible.

Accordingly, the petition for review by this court is DENIED.

---

**2.** Where the ultimate relief sought is discretionary (e.g., asylum but not withholding of removal), the BIA may decline to reopen a proceeding on a third ground: finding that, even if the alien satisfied the preliminary requirements of a *prima facie* case and new evidence/reasonable explanation, he "would not be entitled to the discretionary grant of relief." *INS v. Abudu,* 485 U.S. at 105, 108 S.Ct. 904.